UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RAY MITCHELL,<br><br>Defendant. | 4:21-CR-40008-KES-1<br><br>ORDER GRANTING MOTION TO REDUCE SENTENCE |

Defendant, Michael Ray Mitchell, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 72. Plaintiff, the United States of America, agrees that Mitchell's motion should be granted. Docket 74. For the following reasons, Mitchell's motion for a sentence reduction is granted.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have

been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

Mitchell's Guideline range, based on a total offense level of 17 and a Criminal History Category of VI, was 51-63 months in custody. Docket 48 at 17; Docket 54-1 at 1. He obtained 2 "status points" for committing the instant offense while under a criminal justice sentence. Docket 48 at 10. On December 6, 2021, the court sentenced Mitchell to 48 months in prison for possession of a firearm by a prohibited person, which was adjusted to account for 12 months of custody already served in detention on state charges. Docket 54 at 1-2.

On February 9, 2024, Mitchell filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 72. Mitchell believes he qualifies under Amendment 821, Part A, which modified U.S.S.G. § 4A1.1(e) to eliminate the two criminal history status points previously applied for committing a federal offense while under a criminal justice sentence. *Id.* at 4. He requests a sentence to a term of 46 months in custody, the low end of the recalculated Guidelines range. *Id.*

**I.    U.S.S.G. § 4A1.1(e)**

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Consistent with amended U.S.S.G. § 4A1.1(e) and the analysis set forth in *Dillon,* Mitchell meets the criteria for such a reduction. With that reduction, he receives 1 status point instead of 2 and has a total of 12 criminal history points. That change places him in Criminal History Category V and reduces the advisory Guideline range to 46-57 months. See U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

Based on the facts and circumstances of this case and the policy statement set forth at U.S.S.G § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), Mitchell's sentence is reduced to 46 months in custody.

## CONCLUSION

It is ORDERED that Mitchell's motion (Docket 72) is GRANTED. The probation office is directed to prepare an amended judgment reflecting this change.

Dated March 8, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE